# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID SUTHERLAND, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV408-240 ) |
| WARDEN AMMONS and THE ATTORNEY GENERAL OF THE STATE OF GEORGIA, | ) ) ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner filed the instant 28 U.S.C. § 2254 petition on December 5, 2008,[1] challenging his June 13, 2008 Chatham County Superior Court conviction for theft by taking, committing an unlawful act on public transit, possession of burglar tools, and interference with a safety device. (Doc. 1 at 2.) Petitioner seeks to proceed *in forma pauperis*. (Doc. 2.) Because he has demonstrated that he is unable to pay the filing fee, leave to proceed *in forma pauperis* is **GRANTED**. Nevertheless, as it plainly appears from the

---

[1] Although the petition was received by this Court on December 5, 2008, Sutherland mistakenly indicated that it was executed four days later, on December 9, 2008. (Doc. 1 at 6.)

face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner has not yet appealed his judgment and sentence or petitioned the state for a writ of habeas corpus. (Doc. 1 at 2.) By his own admission, petitioner has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. As it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly,

this petition should be **DISMISSED** without prejudice for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this  5th   day of December, 2008.

/s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**